IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:05-CR-195-1H

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| FONTELLE RICARDO GROVES | ) |

**ORDER OF FORFEITURE OF SUBSTITUTE ASSETS**

THIS MATTER comes before the Court on the United States' now Unopposed Second Amended Motion for Forfeiture of Substitute Assets, pursuant to Rule 32.2(e)of the Federal Rules of Criminal Procedure and 21 U.S.C. 853(p). In consideration of the motion and the Declaration of Senior Inspector Julia M. Younts, the defendant's response, as well the entire record in this matter, the Court finds as follows:

**Findings**

On July 21, 2005, the defendant, Fontelle Ricardo Groves, was charged in a Criminal Indictment with, among other offenses, knowingly and intentionally conspiring to distribute and possess with the intent to distribute more than fifty (50) grams of cocaine base (crack), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 846. The Indictment contained a forfeiture allegation notifying the defendant that, pursuant to Title 21 U.S.C. § 853, the United

States would seek forfeiture of any and all property constituting, or derived from, any proceeds the defendant obtained directly or indirectly as a result of the offenses and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offenses. The forfeitable property named included the gross proceeds of the defendant's illegal acts, in the amount of $50,000.00 U.S. Currency. The Indictment also notified the defendant that the United States would seek assets in substitution for any directly forfeitable but unavailable assets, in accordance with 21 U.S.C. § 853(p).

On October 3, 2005, the defendant entered into a Plea Agreement as to Count One of the Criminal Indictment and agreed to the forfeiture of $50,000.00 U.S. Currency, a sum equating to the gross proceeds of the defendant's illegal acts. On October 4, 2005, United States Magistrate Judge David W. Daniel entered an Order of Forfeiture, ordering the defendant to forfeit $50,000.00 U.S. Currency to the United States in the form of a money judgment, based upon the defendant's Plea Agreement. On October 11, 2005, a Judgment in the amount of $50,000.00 was entered against the defendant. On March 7, 2006, the Court sentenced the defendant to 262 months' imprisonment in the custody of the United States Bureau of Prisons. Though the defendant appealed his criminal conviction,

it was affirmed.

According to Senior Inspector Julia M. Younts, at the time that the Court entered the Order of Forfeiture, the $50,000.00 U.S. Currency forfeited by the defendant was not in the possession of or its whereabouts known to the Government. According to Inspector Younts, after her review of the presentence report and public databases, she concluded that the $50,000 in proceeds from criminal activity could not be located. Thus, the proceeds which the defendant agreed to forfeit are unavailable for forfeiture, the only logical implication being that Groves spent or otherwise dissipated the money earned from his illegal activity before it could be located.

Although Inspector Younts was unable to locate the proceeds earned by the defendant from selling illegal drugs, she did identify the subject inmate trust account held by Groves which contained $2,110.00[1]. Under Bureau of Prisons regulations, inmates like the defendant have the privilege of maintaining an individual trust account, which may hold money earned from prison employment or deposited from outside sources. Inmates may use the funds for very limited purposes and may withdraw no more than $360 per month from the account, although the Warden

---

[1] The account actually contained in excess of $2,110.00, but the Government indicates in its motion that it is revising its request to seek only the forfeiture of $2,110.00.

3

may further restrict the account.

Based on this information, the United States filed a motion for forfeiture of substitute assets on April 8, 2015, serving the motion on the defendant at the institution at which he was then housed. Seven days later, the Court granted the motion. Appeal followed.

On appeal, the United States sought remand of the case when it became apparent that the defendant had received neither adequate notice nor opportunity to respond, in accordance with Local Rule 47.1(c), which allows a defendant 14 days to respond to a motion. On May 17, 2016, the Fourth Circuit entered an order remanding the case, with directions that the Order appealed from be vacated and the defendant be allowed adequate time to respond to the United States' motion. Mandate issued on June 8, 2016. Notice having been given and response made, the matter is ripe for disposition. The defendant does not oppose the motion.

### Discussion

Under Rule 32.2(e), "the court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include property that . . . "is substitute property that qualifies for forfeiture under an applicable statute." Fed. R. Crim. P. 32.2(e)(1)(B). Under 21 U.S.C. § 853(p), the forfeiture of

4

substitute property is mandatory if, as a result of any act or omission of the defendant, directly forfeitable property—

> (A) cannot be located upon the exercise of due diligence;
>
> (B) has been transferred or sold to, or deposited with, a third party;
>
> (C) has been placed beyond the jurisdiction of the court;
>
> (D) has been substantially diminished in value; or
>
> (E) has been commingled with other property which cannot be divided without difficulty.

21 U.S.C. § 853(p)(1). In such cases, the court must order the forfeiture of "any other property of the defendant, up to the value of any property" ordered directly forfeited. 21 U.S.C. § 853(p)(2).

The passage of time does not impact the Court's ability to enter an order forfeiting substitute assets. *United States v. Weiss*, 791 F. Supp. 2d 1183, 1187, 1219-20 (M.D. Fla. 2011) (9-year delay between entry of special verdict of forfeiture and Rule 32.2(e)(1)(B) motion to forfeit substitute asset did not violate third party's due process rights, and laches does not apply against the government). Thus, that the original forfeiture order was entered over ten years ago is of no relevance. Nor is it disputed that assets may be forfeited in substitution for a money judgment. *United States v. McCrea*, 2014 WL 123172 (W.D. Va. Jan. 13, 2014)

(unpublished)(explaining that the term "money judgment" is just shorthand for the proceeds of a defendant's crime and thus is a proper basis for substitute assets under Section 853(p)).

The United States' burden in seeking the forfeiture of substitute assets is two-fold: it must show that (1) the directly forfeitable assets are unavailable for one of the five reasons stated in Section 853(p), and (2) that such unavailability was caused by an act or omission on the part of the defendant. 21 U.S.C. § 853(p)(1). Both showings are met here.

Here, the United States contends that the directly traceable gross proceeds "cannot be located upon the exercise of due diligence." 21 U.S.C. § 853(p)(1)(A). This is not a high burden. *United States v. Alamoudi*, 452 F.3d 310, 315 (4th Cir. 2006) (courts interpret section 853(p) liberally to prevent defendants from frustrating the forfeiture laws; it is sufficient if a law enforcement agent submits that she has searched for the missing assets and that despite the exercise of due diligence she has been unable to find them). There is no question that the directly traceable assets of the criminal activity engaged in by the defendant are unavailable now – that is, "cannot be located upon the exercise of due diligence" –and were also unavailable at the time the original forfeiture order

6

was entered in 2005. Indeed, the defendant's agreement to the forfeiture of $50,000 in gross proceeds, knowing that he no longer had such proceeds nor, in fact, any assets, was an admission that the property directly traceable to his offense was unavailable, which satisfied Section 853(p). *United States v. Adams,* 2015 WL 4864943 (N.D. Okla. July 28, 2015). *See also United States v. Nunley,* 2016 WL 99203, *5 (E.D. Ky. Jan. 8, 2016) (defendant's admission that he lacked funds to satisfy $1.2 million money judgment was all Government needed to satisfy the requirements of § 853(p)). In short, other than his inmate trust account, the defendant has no other assets and, thus, the directly traceable gross proceeds of his offense are not available.

Nor is there any serious dispute that the unavailability of the directly traceable proceeds is due to an act or omission of the defendant. Indeed, the defendant's failure to object to the entry of a money judgment and his failure to pay the money judgment is all the United States needs to satisfy the requirements of Section 853(p). *Nunley,* 2016 WL 99203, *5 (defendant's admission that he lacked funds to satisfy $1.2 million money judgment was all Government needed to satisfy the requirements of § 853(p)). Further, though the defendant has had opportunity, he has produced no evidence that the

7

unavailability of the directly traceable proceeds was due to something or someone other than his own acts or omissions. Thus, the Court properly infers from this silence that the defendant spent the ill-gotten gains, thereby making them unavailable by his own actions, within the meaning of Section 853(p), and that he has no apparent intention of voluntarily paying his debt.

ACCORDINGLY, the Court finds that, pursuant to the provisions of 21 U.S.C. 853(p) and Fed. R. Crim. P.32.2 (e)(1)(B), the United States is entitled to the forfeiture of substitute assets, including the above-referenced property, in partial satisfaction of the defendant's $50,000.00 outstanding money judgment. It is hereby

ORDERED, ADJUDGED and DECREED that:

1. Based upon the Order of Forfeiture and Judgment as to the defendant, Fontelle Ricardo Groves, the interest of the defendant in the identified substitute assets is herewith forfeited to the United States for disposition in accordance with the law;

2. Upon the entry of this Order the Attorney General or his designee is authorized to seize the above listed property, whether held by the defendant or by a third party, and to take any other steps deemed warranted to preserve its availability

for forfeiture pending the conclusion of any third-party proceedings which may be conducted in this matter;

3. Any and all forfeited funds shall be deposited by the United States Marshals Service as soon as located or recovered into the Department of Justice Assets Forfeiture Fund in accordance with 28 U.S.C. § 524(c) and 21 U.S.C. § 881(e);

4. Pursuant to 21 U.S.C. § 853(n), the United States shall publish notice of this Order and of its intent to dispose of the property in such manner as the Attorney General or the Secretary of Treasury directs, by publishing and sending notice in the same manner as in civil forfeiture cases, as provided in Supplemental Rule G(4). Any person other than the defendant, having or claiming any legal interest in the subject property must file a petition with the Court within 30 days of the publication of notice or of receipt of actual notice, whichever is earlier.

The petition must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, and must include any additional facts supporting the petitioner's claim and the relief sought; and

5. Upon adjudication of all third party interests this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853, as required by Fed. R. Crim. P. 32.2(c).

SO ORDERED. This 15th day of November 2017.

_____
MALCOLM J. HOWARD
SENIOR UNITED STATES DISTRICT JUDGE