IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:05-CR-195-1H

| UNITED STATES OF AMERICA | ) |
| --- | --- |
| | ) |
| v. | ) |
| | ) |
| FONTELLE RICARDO GROVES | ) |

**AMENDED ORDER OF FORFEITURE OF SUBSTITUTE ASSETS**

THIS MATTER comes before the Court on the United States' Unopposed Motion to Amend the Order of Forfeiture of Substitute Assets entered on November 15, 2017 (DE# 103) to better conform it to the understanding of the parties reflected in the Second Amended Motion for Forfeiture of Substitute Assets. DE# 102. In accordance with Rule 32.2(e) of the Federal Rules of Criminal Procedure and 21 U.S.C. 853(p), and in consideration of the motion, the Declaration of Senior Inspector Julia M. Younts, the defendant's response, as well the entire record in this matter, the Court finds as follows:

**Findings**

On July 21, 2005, the defendant, Fontelle Ricardo Groves, was charged in a Criminal Indictment with, among other offenses, knowingly and intentionally conspiring to distribute and possess with the intent to distribute more than fifty (50) grams of cocaine base (crack), a Schedule II controlled substance, in

1

violation of Title 21, United States Code, Section 846.

The Indictment contained a forfeiture allegation notifying the defendant that, pursuant to Title 21 U.S.C. § 853, the United States would seek forfeiture of any and all property constituting, or derived from, any proceeds the defendant obtained directly or indirectly as a result of the offenses and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offenses. The forfeitable property named included the gross proceeds of the defendant's illegal acts, in the amount of $50,000.00 U.S. Currency. The Indictment also notified the defendant that the United States would seek assets in substitution for any directly forfeitable but unavailable assets, in accordance with 18 U.S.C. § 853(p).

On October 3, 2005, the defendant entered into a Plea Agreement as to Count One of the Criminal Indictment and agreed to the forfeiture of any drug-related assets acquired through unlawful activities, as specified in the indictment. DE #16 at ¶ 2.f. On October 4, 2005, this Court entered an Order of Forfeiture, ordering the defendant to forfeit $50,000.00 U.S. Currency to the United States, based upon the defendant's Plea Agreement. DE #14. On October 11, 2005, a Judgment in the amount of $50,000.00 was entered against the defendant. DE #14.

On March 7, 2006, the Court sentenced the defendant to 262 months' imprisonment in the custody of the United States Bureau of Prisons. DE #25. Though the defendant appealed his criminal conviction, it was affirmed. DE #40.

At the time that the Court entered the Order of Forfeiture, the proceeds forfeited by the defendant were not in the possession of or its whereabouts known to the Government. Declaration of Senior Inspector Julia M. Younts (Exhibit A), ¶ 12-13. According to Deputy Younts, after her review of the presentence report and public databases and speaking with criminal investigators, she concluded that the proceeds from the criminal activity could not be located. Id. Thus, no proceeds of the unlawful activity are available for forfeiture.

Although Deputy Younts was unable to locate proceeds earned by the defendant from selling illegal drugs, she did identify the subject inmate trust account held by the defendant which contained $8,145.90. Id. ¶ 13. Under Bureau of Prisons regulations, inmates like the defendant have the privilege of maintaining an individual trust account, which may hold money earned from prison employment or deposited from outside sources. Inmates may use the funds for very limited purposes and may withdraw no more than $360 per month from the account, although the Warden may further restrict the account. Id. ¶¶ 7-11.

Based on this information, the United States filed a motion for forfeiture of substitute assets on April 8, 2015, serving the motion on the defendant at the institution at which he was then housed. DE# 46. Seven days later, the Court granted the motion. DE# 47. The defendant appealed. DE# 53.

On appeal, the United States sought remand of the case when it became apparent that the defendant had received neither adequate notice nor opportunity to respond, in accordance with Local Rule 47.1(c), which allows a defendant 14 days to respond to a motion. On May 17, 2016, the Fourth Circuit entered an order remanding the case, with directions that the Order appealed from be vacated and the defendant allowed 14 days to respond to the United States' motion.

Since the remand of this case, the Supreme Court entered its decision in *Honeycutt v. United States*, 137 S. Ct. 1626 (2017). In *Honeycutt* the Court clarified that the forfeiture provisions in 21 U.S.C. § 853 do not impose joint and several liability on each member of a conspiracy. Rather, the Government may seek forfeiture only of "any property constituting, or derived from, any proceeds" that the defendant "obtained, directly or indirectly" from the offense giving rise to the forfeiture.

Given the decision in *Honeycutt*, the Government seeks to

modify the position it took in its pending Amended Motion for Order of Forfeiture of Substitute Assets, DE# 67, which was opposed by the defendant. DE# 86. The unopposed second amended motion, which is intended to supersede the first amended motion, reflects the agreement of the parties that the forfeiture of substitute assets is limited to the funds personally obtained from the defendant from his illegal activity, that is, $2,110.00.

## Discussion

Under Rule 32.2(e), "the court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include property that "is substitute property that qualifies for forfeiture under an applicable statute." Fed. R. Crim. P. 32.2(e)(1)(B). Under 21 U.S.C. § 853(p), the forfeiture of substitute property is mandatory if, as a result of any act or omission of the defendant, directly forfeitable property—

>(A) cannot be located upon the exercise of due diligence;
>
>(B) has been transferred or sold to, or deposited with, a third party;
>
>(C) has been placed beyond the jurisdiction of the court;
>
>(D) has been substantially diminished in value; or
>
>(E) has been commingled with other property which cannot be divided without difficulty.

5

21 U.S.C. § 853(p)(1). In such cases, the court must order the forfeiture of "any other property of the defendant, up to the value of any property" ordered directly forfeited. 21 U.S.C. § 853(p)(2).

The passage of time does not impact the court's ability to enter an order forfeiting substitute assets. *United States v. Weiss*, 791 F. Supp. 2d 1183, 1219-20 (M.D. Fla. 2011) (9-year delay between entry of order of forfeiture and Rule 32.2(e)(1)(B) motion to forfeit substitute asset did not violate third party's due process rights, and laches does not apply against the government).

The United States' burden in seeking the forfeiture of substitute assets is two-fold: it must show that (1) the directly forfeitable assets are unavailable for one of the five reasons stated in Section 853(p), and (2) that such unavailability was caused by an act or omission on the part of the defendant. 21 U.S.C. § 853(p)(1). Both showings are met here.

Here, the United States contends that the directly traceable gross proceeds "cannot be located upon the exercise of due diligence." 21 U.S.C. § 853(p)(1)(A). This is not a high burden. *United States v. Alamoudi*, 452 F.3d 310, 315 (4th Cir. 2006) (courts interpret section 853(p) liberally to prevent

6

defendants from frustrating the forfeiture laws; it is sufficient if a law enforcement agent submits that she has searched for the missing assets and that despite the exercise of due diligence she has been unable to find them). Here there is no question that the directly traceable assets of the criminal activity engaged in by the defendant are unavailable now - that is, "cannot be located upon the exercise of due diligence" - and were also unavailable at the time the original forfeiture order was entered in 2005. Other than his inmate trust account, the defendant has no other assets and, thus, the directly traceable gross proceeds of his offense are not available. Nor is there any serious dispute that the unavailability of the directly traceable proceeds is due to an act or omission of the defendant.

ACCORDINGLY, without opposition, the Court finds that, pursuant to the provisions of 21 U.S.C. 853(p) and Fed. R. Crim. P.32.2 (e)(1)(B), the United States is entitled to the forfeiture of substitute assets, including the above-referenced property in the amount of $2,110.00, in full satisfaction of the defendant's forfeiture obligation. It is hereby

ORDERED, ADJUDGED and DECREED that:

1. Based upon the Order of Forfeiture and Judgment as to the defendant, Fontelle Ricardo Groves, the interest of the

defendant in the identified substitute assets of $2,110.00 is herewith forfeited to the United States for disposition in accordance with the law;

2. Upon the entry of this Order the Attorney General or his designee is authorized to seize the above listed property, whether held by the defendant or by a third party, and to take any other steps deemed warranted to preserve its availability for forfeiture pending the conclusion of any third-party proceedings which may be conducted in this matter;

3. The forfeited funds shall be deposited by the United States Marshals Service into the Department of Justice Assets Forfeiture Fund in accordance with 28 U.S.C. § 524(c) and 21 U.S.C. § 881(e);

4. Pursuant to 21 U.S.C. § 853(n), the United States shall publish notice of this Order and of its intent to dispose of the property in such manner as the Attorney General or the Secretary of Treasury directs, by publishing and sending notice in the same manner as in civil forfeiture cases, as provided in Supplemental Rule G(4). Any person other than the defendant, having or claiming any legal interest in the subject property must file a petition with the Court within 30 days of the publication of notice or of receipt of actual notice, whichever is earlier.

The petition must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, and must include any additional facts supporting the petitioner's claim and the relief sought; and

5. Upon adjudication of all third party interests this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853, as required by Fed. R. Crim. P. 32.2(c).

SO ORDERED. This 5th day of November, 2017.

MALCOLM J. HOWARD
SENIOR UNITED STATES DISTRICT JUDGE