IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:05-CR-195-1H
No. 5:16-CV-428-1H

FONTELLE RICARDO GROVES,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

**ORDER**

This matter is before the court on the government's motion to dismiss, [D.E. #96], petitioner's motion to vacate his sentence under 28 U.S.C. § 2255, [D.E. #74]. Petitioner did not file a response, but petitioner did file a Notice Regarding Developments in Defendant's Status, [DE #100],[1] and this matter is ripe for adjudication.

## BACKGROUND

On October 3, 2005, petitioner pled guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with the intent to distribute more than 50 grams of cocaine base

---

[1] This Notice included an exhibit of an Executive Grant of Clemency dated January 17, 2017 and signed by Former United States President Barak Obama commuting the total sentence of imprisonment to expire on January 17, 2019. This commutation reduced petitioner's sentence to 188 months' imprisonment, remitted "the unpaid balance of the $2,100 fine [restitution imposed by the court that may remain when his term of incarceration has expired," and required that the Bureau of Prison's Residential Drug Abuse Program be made available to him. As a result of the commutation, counsel for petitioner avers petitioner's successful completion of the Residential Drug Abuse Program would make him eligible for release in January 2018, with his transfer to a half-way house effectuated before the end of 2017. The commutation did not alter any of the terms and conditions imposed by this court at sentencing of five years' supervised release.

(crack), in violation of 21 U.S.C. § 846. [DE #16]. On March 7, 2006, the court sentenced petitioner to 262 months' imprisonment and 5 years' supervised release. [DE #24, #25]. Petitioner appealed, and the United States Court of Appeals for the Fourth Circuit dismissed that appeal on August 17, 2006. [DE #30]. On or about June 15, 2016, petitioner filed the instant motion under 28 U.S.C. § 2255. [DE #72, #73, #74]. Petitioner argues under Johnson v. United States, 235 S. Ct. 2551 (2015), that the court incorrectly calculated his advisory guideline range by treating him as a career offender. [DE #72-1 at 1-3].

## COURT'S DISCUSSION

In the Johnson decision, the Supreme Court of the United States invalidated the residual clause found in 18 U.S.C. § 924(e)(2)(B)(ii) ("Armed Career Criminal Act" or "ACCA"). Johnson, 235 S. Ct. at 2557. In Welch v. United States, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held the rule pronounced in Johnson is retroactively applicable on collateral review.

Here, petitioner was sentenced as a Career Offender under United States Sentencing Guideline § 4B1.1, not under ACCA. Petitioner's status as a career offender was not based upon any crimes of violence, but rather upon drug trafficking crimes, including sale of cocaine, possession with intent to sell and deliver cocaine, and conspiracy to possess with intent to sell and deliver cocaine base. [D.E. #62 at 14 ¶63]. Therefore, the

2

Supreme Court's decisions in Johnson and Welch, invalidating the residual clause of ACCA, cannot provide a basis for petitioner's requested relief. Therefore, petitioner's claim fails.

**CONCLUSION**

For the foregoing reasons, the government's motion to dismiss, [DE #96], is GRANTED. Petitioner's motion, [DE #74], is DISMISSED. The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist would not find this court's dismissal of Petitioner's § 2255 Motion debatable. Therefore, a Certificate of Appealability is DENIED.

This 18TH day of December 2017.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#35

3